**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SYMANTEC CORP. and SONY DADC US, INC., <br><br> Plaintiffs, <br><br> v. <br><br> GEORGE SIDMAN and BRUCE WECKER, <br><br> Defendants. | Case No. 14-mc-80094 JST (NC) <br><br> **ORDER REQUESTING RESPONSIVE DECLARATION** <br><br> Re: Dkt. No. 4 |

This case was referred for all discovery to the undersigned Magistrate Judge, including the pending motion to compel discovery filed by plaintiffs Symantec and Sony against defendants Sidman and Wecker. Dkt. Nos. 1, 12. On March 26, 2014, plaintiffs filed a motion to seal portions of their motion to compel on the basis that those portions contain information produced and designated as confidential by Sidman. Dkt. No. 4.

The Local Rules provide that "[a] sealing order may issue only upon a request that establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law . . . . The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document,

Case No. 14-mc-80094 JST (NC)
ORDER REQUESTING RESPONSIVE
DECLARATION

or portions thereof, are sealable." Civ. L.R. 79-5(d)(1)(A). Civil Local Rule 79-5(e)(1) further requires that, "[i]f the Submitting Party is seeking to file under seal a document designated as confidential by the opposing party or a non-party pursuant to a protective order," the designating party "must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable" within four days of the filing of the motion to file under seal. "If the Designating Party does not file a responsive declaration as required by subsection 79-5(e)(1) and the Administrative Motion to File Under Seal is denied, the Submitting Party may file the document in the public record no earlier than 4 days, and no later than 10 days, after the motion is denied." Civ. L.R. 79-5(e)(2).

Here, more than four days have passed since plaintiffs filed their motion to seal, but Sidman has not filed a responsive declaration in accordance with Rule 79-5(e). If Sidman does not file such a responsive declaration by April 16, 2014, and the Court denies the motion to seal, plaintiffs may file in the public record, as permitted by Rule 79-5(e)(2), the portions of their motion to compel currently sought to be sealed.

IT IS SO ORDERED.

Date: April 11, 2014

Nathanael M. Cousins
United States Magistrate Judge