UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SYMANTEC CORP. and SONY DADC US, INC., <br><br> Plaintiffs, <br><br> v. <br><br> GEORGE SIDMAN and BRUCE WECKER, <br><br> Defendants. | Case No. 14-mc-80094 JST (NC) <br><br> **ORDER GRANTING IN PART PLAINTIFFS' MOTION TO COMPEL** <br><br> Hearing: April 23, 2014 <br><br> Re: Dkt. 1 (redacted), 25 (unredacted) |

The primary question presented is whether a person possessing knowledge of "prior art" that could invalidate a patent may shield his identity and the prior art from discovery in a patent infringement lawsuit. Because the Court concludes that defendants have not established that the prior art and the identity of the persons with knowledge of the prior art should be protected as trade secrets, the Court GRANTS the motion to compel on this question.

A second question is less novel: whether defendants have established that the attorney-client privilege shields from disclosure 42 written communications between

Case No. 14-mc-80094 JST (NC)
ORDER GRANTING IN PART
MOT. TO COMPEL

client and counsel. The Court concludes that those communications were made in pursuit of legal advice from counsel, so properly were withheld as privileged. As to the attorney-client communications challenged in the motion to compel, the motion is DENIED.

## I. Background

Plaintiffs in this discovery dispute, Symantec and Sony, are defendants in patent infringement suits consolidated in the U.S. District Court, Eastern District of Texas. The underlying cases concern U.S. Patent No. 5,490,216 (the '216 Patent), which is a patent about product activation software. *Uniloc USA, Inc. et al. v. Activision Blizzard, Inc.*, No. 13-cv-00256 LED (E.D. Tex.). The deadline for fact discovery in the Texas Action is May 2, 2014. Expert reports on patent invalidity are due June 2, 2014. Dkt. 25, Mot. to Compel at 3.

The Texas Court has issued a Protective Order under Fed. R. Civ. P. 26(c) to regulate the discovery and use of information that contains trade secrets, confidential, proprietary, and commercially sensitive information. Texas Action, Dkt. 96, issued 8/20/2013. That Protective Order would apply to any of the information and documents produced under the subpoenas in this dispute.

George Sidman, on behalf of an anonymous client, wrote to Symantec and Sony in November 2013 and stated that the client possessed the "Silver Bullet" that may invalidate the '216 Patent. Sidman wrote that the client "believes that the product activation methodology within the subject technology predates and may invalidate the Uniloc patent ['216 Patent]." Dkt. 26, Ex. A to Declaration of Fahd Majiduddin, at 1. Sidman, on behalf of the client, offered to sell or license the product to Symantec and Sony and the other parties seeking to invalidate the '216 Patent. Bruce Wecker is an attorney for the client and was copied on the correspondence from Sidman.

Symantec and Sony did not accept this unsolicited invitation. Instead, they served Wecker and Sidman with subpoenas for depositions and documents that would reveal the prior art product, the client, and communications between client and counsel that might provide information revealing the prior art product. Wecker and Sidman produced some

Case No. 14-mc-80094 JST (NC)
ORDER GRANTING IN PART
MOT. TO COMPEL

2

documents, but objected to further production based on various grounds of privilege, trade secrets, privacy, and confidentiality. Most significantly, Wecker and Sidman objected to identifying their client or the prior art product.

The parties conferred but were unable to resolve their dispute. Symantec and Sony then moved to compel compliance with their subpoenas. The motion and all other discovery disputes were referred to the undersigned Magistrate Judge by the District Court. Dkt. 12. The Court held a hearing on April 23, 2014. During the hearing, the Court reviewed the following materials in camera that were identified by Sidman and Wecker on a privilege log: items 1, 9, 10, 19, 22, 23, 24, 25, 26, 33, and 42.[1] Dkt. 16-1.

## II.   Legal Standard

As a preliminary matter, there is a question about which laws apply to the privilege and trade secret issues presented. In patent litigation, Federal Circuit law applies when resolving discovery disputes that relate to an issue of substantive patent law. *In re EchoStar Communications Corp.*, 448 F.3d 1294, 1298 (Fed. Cir. 2006) ("Federal circuit law applies when deciding whether particular written or other materials are discoverable in a patent case, if those materials relate to an issue of substantive patent law"); *see also Bd. of Trustees Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*, 237 F.R.D. 618, 623 (N.D. Cal. 2006) ( "issues that relate to discovery disputes and other procedural issues, which are unique to patent cases, should be decided pursuant to Federal Circuit law"); *Adobe Sys. Inc. v. Wowza Media Sys., LLC*, No. 11-cv-2243 CW (JSC), 2012 WL 6554003, at *1 (N.D. Cal. Dec. 14, 2012) (Federal Circuit law applied to dispute over waiver of attorney-client privilege in patent case).

In this case, the discovery disputes relate to a substantive patent law issue, specifically as to whether prior art might invalidate the '216 Patent, so the Court applies Federal Circuit law.

---

[1] The Court will file the in camera materials under seal. Correcting what the Magistrate Judge said at the end of the hearing, the originals will not be returned to defendants, absent further order of the Court.

Case No. 14-mc-80094 JST (NC)
ORDER GRANTING IN PART
MOT. TO COMPEL

3

1   More generally within the federal courts, Federal Rule of Civil Procedure 45 governs discovery from persons not a party to a lawsuit. The scope of the discovery that can be requested under Rule 45 is the same as can be requested under Rule 34, which in turn is the same as can be requested under Rule 26(b).[2] Rule 26(b) allows a party to obtain discovery concerning any nonprivileged matter that is relevant to any party's claim or defense.[3] The court must limit the scope of the discovery sought if it is unreasonably duplicative, it can be obtained from a source that is more convenient or less burdensome, or the burden of producing it outweighs its likely benefit.[4]

If a person commanded to produce documents by subpoena objects to the document request on a timely basis, the serving party may move to compel the document production.[5] The court, however, "must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance."[6] Additionally, the court may modify or quash a subpoena that requires the disclosure of confidential commercial information.[7]

"Trade secrets" and other "confidential research, development, or commercial information" are explicitly addressed in Rule 26. The Court, for good cause, may issue a protective order to protect this information. To obtain a protective order based upon a trade secret, the party seeking protection "must first establish that the information sought is a trade secret and then demonstrate that its disclosure might be harmful." *Trevino v.*

---

[2] Fed. R. Civ. P. 45 advisory committee's note (1970) ("[T]he scope of discovery through a subpoena is the same as that applicable to Rule 34 and other discovery rules"); Fed. R. Civ. P. 34(a) ("A party may serve on any other party a request within the scope of Rule 26(b)").

[3] Fed. R. Civ. P. 26(b)(1).

[4] Fed. R. Civ. P. 26(b)(2)(C).

[5] Fed. R. Civ. P. 45(c)(2)(B)(i).

[6] Fed. R. Civ. P. 45(c)(2)(B)(ii).

[7] Fed. R. Civ. P. 45(c)(3)(B)(i).

Case No. 14-mc-80094 JST (NC)
ORDER GRANTING IN PART
MOT. TO COMPEL

4

*ACB Am., Inc.,* 232 F.R.D. 612, 617 (N.D. Cal. 2006) (citations omitted). The burden then shifts to the party seeking the discovery to demonstrate that the information is relevant and "necessary to prepare the case for trial." *Id.* The court must then weigh the risk of disclosure of the trade secret to unauthorized parties with the risk that a protective order will impede prosecution or defense of the claims. *Id.* Once the moving party has established relevance and necessity, "the discovery is virtually always ordered." *Id.* (quoting *Compaq Computer Corp. v. Packard Bell Electronics, Inc.*, 163 F.R.D. 329, 338 (N.D. Cal. 1995) (additional citations omitted)).

In this case, a protective order is already in place in the Texas Action. The parties do not question that the protective order would restrict the use of any information produced in response to the subpoenas.

### III. Analysis

#### A. Trade Secrets

Neither party could identify a case presenting the peculiar posture of this matter and the Court is not aware of a prior relevant decision. Discovery disputes with third parties often turn on whether the information demanded is relevant and whether the responding party would be unfairly burdened by producing discovery. Not here.

In this case, Sidman and Wecker and their invisible client[8] approached Symantec and Sony and promoted the fact that they possessed information that would be highly relevant to the Texas Action. In their own words, they possess the "Silver Bullet" to defend the infringement case. The information they possess is so relevant and valuable that Symantec and Sony should want to buy or license the information. In the opinion of the client, the information may invalidate the patent that Symantec and Sony are litigating in Texas. As a result, there is no question that the information sought is highly relevant.

---

[8] The label "troll" with some controversy has been affixed to non-practicing entities in the patent context. Here, Sony and Symantec have not sought to label the "client" as a troll. But "client" is something different than most patent trolls. Client seeks to remain invisible while simultaneously proclaiming possession of a precious "Silver Bullet." Perhaps "Gollum," a wily creature clutching at treasure while hiding in the dark, would be most apt.

There also is no serious argument about burden. The invisible client has stated it has information and could be ready to provide it if the price is right. Cases like *Convolve, Inc. v. Dell, Inc.*, No. 10-cv-80071 WHA, 2011 WL 1766486 (N.D. Cal. May 9, 2011), where the Court quashed a subpoena served on a third-party, are distinct. There, the Court was concerned that the subpoena was not narrowly drawn and would impose an unfair burden on an uninvolved bystander. *Id.* at *2.

If Sidman, Wecker, and their client possess knowledge of "prior art," by statutory definition the art must have been "known or used by others." 35 U.S.C. § 102(a). This provision has been held to mean "only what was known or used publicly or was accessible to the public." *Globe Linings, Inc. v. City of Corvallis*, 555 F.2d 727, 729 (9th Cir. 1977). By vouching that the product possessed by client would invalidate the '216 Patent, Sidman and Wecker are necessarily saying that the activation methodology at some time was not secret.

At bottom, when Sidman and Wecker approached Sony and Symantec with their "Silver Bullet" solicitation, they demonstrated an ability and intent to disclose the identity and details of their prior art invalidating the '216 Patent. To now say that they are bound to keep the information confidential rings hollow.

The Court therefore GRANTS the motion to compel discovery from Sidman and Wecker as to the identity of the prior art client and information about the prior art product. The Court concludes that to the extent there is a trade secret in this information, that secret reasonably may be protected by the protective order already in place in the Texas Action.

### B. Attorney-Client Privilege

Next, the Court considers whether the communications identified on the privilege log provided by Wecker and Sidman should be shielded by the attorney-client privilege. Dkt. 16-1. That privilege "protects the confidentiality of communications between attorney and client made for the purpose of obtaining legal advice." *EchoStar*, 203 F.3d at 804.

The Court reviewed the log and reviewed many of the documents in camera. The Court finds that the communications were between attorney and client and were made for the purpose of obtaining legal advice. Moreover, the Court determines that Sidman and Wecker did not waive the privilege even though they delayed producing a log until just before they filed their opposition to the motion to compel. Waivers are disfavored and the Court finds that Sidman and Wecker did not intend to waive the privilege.

As a result, the Court DENIES the motion to compel production of the communications set forth on the privilege log.

## IV. Conclusion

The Court concludes that no privilege protects discovery from Sidman and Wecker of the identity of the prior art client or the prior art product. To the extent this information constitutes a trade secret, that secret reasonably may be protected by the existing protective order. The communications identified by Wecker and Sidman on their privilege log are protected from disclosure by the attorney-client privilege. Accordingly, the Court orders as follows:

1. Sidman is ordered to appear for his deposition on Monday, April 28, at 9:00 a.m. at the offices of Latham & Watkins, San Francisco.

2. Wecker is ordered to appear for his deposition on Monday, April 28, at 1:30 p.m. at the offices of Latham & Watkins, San Francisco.

3. Before their depositions, Wecker and Sidman are ordered to produce any documents responsive to the subpoenas that are not identified on the privilege log, and that they previously withheld as a trade secret or confidential. (Based on the statements at the hearing, the Court understands that no such documents are in the possession, custody, or control of Wecker and Sidman).

4. Any documents and information produced in response to the subpoenas are governed by the protective order in the Texas Action.

5. The attorney-client privilege assertions made by Sidman and Wecker in

Case No. 14-mc-80094 JST (NC)
ORDER GRANTING IN PART
MOT. TO COMPEL

        their privilege log are SUSTAINED.  They do not need to produce these communications.

6.    The Court concludes that Sidman and Wecker have not waived the attorney-client privilege.

Any party may object to this nondispositive order within 14 days under Fed. R. Civ. P. 72(a).  Any motion for expedited briefing and ruling on an objection should be asserted with the District Court.

IT IS SO ORDERED.

Date: April 24, 2014

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

Case No. 14-mc-80094 JST (NC)
ORDER GRANTING IN PART
MOT. TO COMPEL

8